IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA RIDINGER and DELAWARE DIVISION OF CHILD SUPPORT SERVICES,<br><br>　　　　Petitioners,<br><br>　　　　v.<br><br>LERON W. WILLIAMS,<br><br>　　　　Respondent. | : **Civil Action No. 18-1922-CFC**<br>: The Family Court of the State of Delaware<br>: in and for Sussex County<br>: Case No. 17-11084<br>: File No. CS03-07605<br>: Petition No. 18-27098 |

Kenisha L. Ringgold and Ryan Patrick Connell, Deputy Attorneys General, State of Delaware, Department of Justice, Wilmington, Delaware. Counsel for Petitioners.

Leron W. Williams, Seaford, Delaware. Pro se Respondent.

**MEMORANDUM OPINION**

January 23, 2020
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Respondent Leron Williams filed a notice of removal on December 4, 2018, of *DCSS/Ridinger v. Williams*, Case No. 17-11084 (Del. Family Ct.).[1] (D.I. 2) Respondent appears *pro se* and has been granted leave to proceed *in forma pauperis*. Pending are Petitioners' motion for summary judgment for remand and Respondent's combined motion to compel mediation, motion for default judgment, and cross-motion for summary judgment. (D.I. 11; D.I. 16) For the reasons discussed below, the Court will summarily remand the matter to the Family Court of the State of Delaware in and for Sussex County.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent removed this matter from the Delaware Family Court. The civil cover sheet refers to a federal question and the notice of removal and civil cover sheet assert jurisdiction under 28 U.S.C. § 1331 and § 1343. Respondent invokes removal statutes 28 U.S.C. §§ 1443(1) and 1446, and he asserts violations of 42 U.S.C. § 1983 and § 1985(3). (D.I. 2 at 1, 2, 5; D.I. 2-1)

Respondent provided a notice of a hearing on a petition for child support arrears. (D.I. 2 at 7) He did not provide any other documents related to the Family Court case. In the notice of removal, Respondent alleges that his constitutional rights were violated when he was given an ultimatum to sign a birth certificate for the minor child involved in the child support matter or face incarceration. (D.I. 2 at 2) He also refers to racial profiling and alleges a conspiracy to deny him procedural due process. (*Id.* at 2, 3)

---

[1] Respondent mistakenly identifies Petition No. 18-27098 as the case number. (*See* D.I. 2 at 2)

1

Although Respondent failed to comply with the requisites for removal by failing to provide for the Court's review any copies of process, pleadings, or orders from the state civil proceeding other than the petition for support arrears, *see* 28 U.S.C. § 1446(a), Petitioners Delaware Division of Child Support Services ("DDSS") and Shelia Ridinger ("Ridinger") (together "Petitioners") provided the documents for the Court's review when they objected to the notice of removal. (*See* D.I. 4)

The documents provided by Petitioners indicate the removed case is a petition for child support arrears in the State of Delaware. (D.I. 4-1 at 1-2) Petitioners advise the Court that Respondent also has child support arrearage in the State of Florida. (D.I. 4-1 at 4) On December 19, 2017, the Delaware Family Court, ordered Respondent to pay a sum certain each month to resolve the remaining balance owed. (D.I. 4-2) Respondent did not comply with the Order, and DDSS filed an arrears petition. (*Id.*)

On June 17, 2019, Petitioners filed a motion for summary judgment to remand this matter to Family Court. (D.I. 11) In turn, Respondent filed a combined cross-motion for summary judgment, a motion to compel mediation, and a motion for default judgment. (D.I. 16)

## II. DISCUSSION

Plaintiff filed his notice of removal on December 4, 2018, pursuant to 28 U.S.C. § 1331 (*i.e.*, federal question), § 1343 (*i.e.*, civil rights and elective franchise), § 1443(1) (*i.e.*, removal of civil rights cases), and § 1446 (*i.e.*, procedure for removal of civil actions). Petitioners argue that the Court cannot consider cases involving domestic relations issues, Respondent has failed to meet his burden to prove that removal is proper, the Court is precluded from considering the claims by reason of the *Rooker-*

*Feldman* doctrine and the *Younger* abstention doctrine,[2] and the notice of removal was not timely filed.[3]

The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based upon improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for

---

[2] To the extent Respondent challenges Family Court orders requiring him to pay child support, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Pinckney v. Superior Court of New Jersey Essex Vicinage Family Division*, 757 F. App'x 198, 200 (3d Cir. 2018). To the extent that state court proceedings are pending or ongoing in Respondent's child support matter, the *Younger* abstention doctrine applies. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("Because it appears that state court proceedings are pending or ongoing in [the] child support matter, it would be inappropriate for this Court to interfere with the state's interest in administering its own family court.").

[3] Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the [respondent], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the [respondent] if such initial pleading has then been filed in court and is not required to be served on the [respondent], whichever period is shorter." Petitioners point to the Family Court docket that indicates that summons to establish jurisdiction was mailed to Respondent on September 11, 2018, yet he did not filed the notice of removal until December 4, 2018. (*See* D.I. 4-2 at 11) The Court, however, was not provided with a return of the summons and cannot discern from the docket when Respondent was actually served.

removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

The underlying state court civil action involves child support in arrears. It is well established that federal courts lack jurisdiction over "[t]he whole subject of the domestic relations of husband and wife, [and] parent and child." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890) (first alteration in original)); *see also* 28 U.S.C. § 1331 (giving district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States").

An exception is found in 28 U.S.C. § 1443, which permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." The Supreme Court articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "'denied or cannot enforce' that right in the courts" of the state. *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966); *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997).

Respondent alleges that if he is required to participate in the Family Court proceedings he will suffer from "illegal duress and or coercion" by the State of Delaware, and he removed the matter enjoin unfair prejudice and/or bias. (D.I. 2 at 3, 5) There are no allegations, however, of past discrimination by the State Court in its rulings regarding child support. Moreover, many of the allegations speak to speculative

future racial discrimination. That is, Respondent alleges that the deck is "illegally stacked against [him]." (*Id.* at 6)

Respondent's allegations are insufficient to support an inference of racial discrimination. Nonetheless, even assuming they had, he must show that he will be denied or cannot enforce his rights in the state courts. 28 U.S.C. § 1443(1); *Davis v. Glanton*, 107 F.3d at 1047 (citing *State of Georgia v. Rachel*, 384 U.S. at 788.) There are no allegations to suggest that if in fact Respondent's rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights. Therefore, he has not established his entitlement to removal pursuant to § 1443(1). *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied . . . .").

Respondent has not met his burden to show that removal of this matter is proper. Based upon the foregoing, it is clear that the removal cannot be permitted.

## III. CONCLUSION

For the reasons discussed above, the Court will summarily remand the case to The Family Court of The State Of Delaware, Sussex County. Petitioners' motion for summary judgment (D.I. 11) will be granted and Respondent's combined motion (D.I. 16) will be denied.

The Court will issue an Order consistent with this Memorandum Opinion.